[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10471

_____

D.C. Docket No. 3:14-cr-00102-BJD-JRK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAUL PATRICIO MENDIETA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 16, 2016)

Before TJOFLAT, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

Raul Patricio Mendieta is subject to a final order of removal from the United

States and is set to be deported to his home country of Bolivia based on two

convictions of crimes of moral turpitude, which brand him a member of the class of aliens deportable under 8 U.S.C. § 1227(a)(2)(A)(ii).  In the months after his removal order became final, Mendieta repeatedly stonewalled Immigration and Customs Enforcement ("ICE") agents' efforts to remove him from the United States.  Mendieta declined to sign travel documents necessary for his return and lied to ICE agents about his ability to speak English.  After he refused to board a flight to Bolivia, Mendieta was served on three separate occasions with a copy of ICE Form I-229(a), which informed him that he could be subject to criminal penalties if he "willfully fails or refuses to make timely application in good faith for travel or other documents necessary to [his] departure" or "takes any other actions designed to prevent or hamper" his departure from the United States in violation of 8 U.S.C. § 1253(a)(1)(B) and (C).[1]  Nevertheless, Mendieta continued to defy ICE officials' removal efforts.  As a result of his defiance, a grand jury returned a one-count indictment charging Mendieta with violating 8 U.S.C. § 1253(a)(1).

---

[1] That statute reads, in relevant part, that "[a]ny alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 1227(a) of this title, who— . . . (B) willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure, [or] (C) connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such . . . shall be fined under title 18, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 1227(a) of this title), or both."  8 U.S.C. § 1253(a)(1).

Prior to trial, the United States filed a motion in limine to prevent Mendieta from introducing evidence that he had resisted ICE officials' removal efforts upon the advice of his attorney, Martin Beguiristain.[2]  The District Court, concluding that an alien's purported good-faith reliance on advice of counsel in thwarting ICE removal efforts is irrelevant in a § 1253(a)(1) prosecution, granted the United States' motion.

At trial and in the absence of the jury, Mendieta called Beguiristain to the stand to proffer the advice Beguiristain had given him, i.e., why Mendieta had resisted the ICE agents' attempts to remove him from the United States. Beguiristain testified that he advised Mendieta that he should request the agents to call Beguiristain if they attempted to deport him.  Beguiristain also testified that he did not tell Mendieta that he should refuse to sign travel documents or disobey the orders of ICE agents.  The Court rejected Mendieta's proffer, concluding that his refusal to cooperate with the final order of removal was not in reliance on the advice of counsel.

After the Government rested its case, Mendieta testified in his own defense. At the conclusion of his testimony on direct examination, his attorney approached the bench and announced that he had refrained from asking Mendieta about the advice Beguiristain had given him due to the Court's ruling on the testimony

---

[2] Martin Beguiristain represented Mendieta in his collateral challenges of the convictions that rendered him deportable, but not in the instant case.

3

Beguiristain had proffered.[3]  The jury found Mendieta guilty of violating

§ 1253(a)(1), and the Court sentenced him to prison for 60 months.

Mendieta now appeals his conviction.  He argues that the District Court

denied him his Sixth Amendment right to present witnesses in his defense[4] in

barring Beguiristain from testifying in accordance with his proffer and that this

ruling, in turn, precluded him from showing that he could not have "willfully"

violated 8 U.S.C. § 1253(a)(1).[5]  We are not persuaded for two reasons.  First, as

Beguiristain's proffer discloses, he did not advise Mendieta to decline to sign

documents or otherwise refuse to cooperate with ICE agents, the conduct that gave

rise to Mendieta's indictment.  Second, assuming for sake of argument that good-

faith-reliance-on-advice-of-counsel is a defense to negate the willfulness element

of a § 1253(a)(1) offense, because Mendieta's attorney did not proffer what

Mendieta would have said after listening to Beguiristain's testimony, we have no

way of knowing whether Mendieta had a good-faith-reliance defense.

AFFIRMED.

---

[3]  But counsel did not proffer the testimony Mendieta would have given after hearing Beguiristain's testimony before the jury.

[4]  The Sixth Amendment states, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor."  U.S. Const. amend. VI.

[5]  Mendieta also argues that the Court's ruling denied him due process of law in violation of the Fifth Amendment.